**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **KAREN KURATNICK**, | ) |
| | ) |
| Plaintiff, | ) |
| | )   Case No. |
| v | ) |
| | )   Division |
| **VOGLER & ASSOCIATES, L.L.C.,** | ) |
| Serve: R/Agt. Mr. Thomas Loraine | ) |
|         4075 Osage Beach Parkway | ) |
|         Suite 300 | ) |
|         Osage Beach, MO 65065 | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff Karen Kuratnick, by and through her undersigned counsel, and asserts this cause of action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), against Vogler & Associates, L.L.C., and in support thereof states the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Karen Kuratnick ("Kuratnick") is an individual person currently residing in St. Louis County, State of Missouri.

2. Defendant Vogler & Associates, L.L.C. ("Vogler & Associates") is a domestic law firm registered and in good standing with the Missouri Secretary of State.

3. Defendant's principal business purpose is the collection of consumer debts using the mails and other instrumentalities of interstate commerce.

4. Defendant regularly collects, or attempts to collect, debts owed or due or asserted to be owed or due another.

5. This Court has original jurisdiction over Plaintiff's FDCPA claims under 15 U.S.C. § 1692k(d) because Defendant directed its illicit collection activity at Plaintiff in St. Louis County Missouri, within the Eastern District of Missouri. Further, this Court has original jurisdiction over Plaintiff's FDCPA claims under 28 U.S.C. § 1331 because they arise under federal law.

6. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(2) because Defendant's conduct occurred in or was directed at Plaintiff in the Eastern District of Missouri.

## FACTS

7. On or about April 7, 2018, Plaintiff received a letter from Vogler & Associates alleging that Plaintiff owed a debt to Marta J. Papa, P.C.

8. Within the collection letter, which was the first communication between Plaintiff and Defendant regarding the alleged debt, Vogler & Associates informed Plaintiff that she possessed thirty days to dispute the validity of the debt.

9. Plaintiff mailed a letter to Defendant on April 10, 2018, via United States Postal Service certified mail, disputing the validity of the alleged debt and demanding that collection cease immediately until verification is obtained and provided.

10. Plaintiff's letter was delivered to Defendant on April 13, 2018.

11. As of April 13, 2018, Plaintiff's thirty (30) day period in which to exercise her rights as protected by 15 U.S.C. § 1692g was in full force and effect.

12. Upon receiving the written dispute, Vogler & Associates had a choice: cease taking any collection action, or obtain verification of the debt and mail the same to Plaintiff.

13. Defendant did not respond to Plaintiff's dispute letter.

14. Nevertheless, on May 7, 2018, Vogler & Associates filed a Petition in St. Louis County Circuit Court, case number 18SL-CC01835 (hereinafter "the collection case") on behalf of Marta J. Papa, P.C. attempting to collect the alleged debt from Kuratnick.

15. Vogler & Associates then served a copy of the Petition and Summons in the collection case on Kuratnick on May 21, 2018, still having failed to respond to Plaintiff's written dispute letter.

16. Had Defendant ceased collecting the debt upon receipt of Plaintiff's written dispute letter, Plaintiff would not have incurred the expense of hiring an attorney.

17. Instead, Plaintiff had to hire counsel to respond to the collection case.

18. Within the collection case, Vogler & Associates sought interest at the rate of twelve percent per annum, in violation of the maximum allowable interest rate as set forth in section 408.030 R.S.Mo.

19. The collection case proceeded to trial, after which the Court issued Judgment in favor of Kuratnick.

20. In the collection case, the Court found that Vogler & Associates had "failed to provide sufficient evidence to establish that [Kuratnick] had not already paid for the services that [Marta J. Papa, P.C.] requested, or that [Marta J. Papa, P.C.] provided the services for which it seeks payments."

21. In the collection case, the Court also found that "the testimony and evidence clearly demonstrated that the Promissory note lacks consideration due to [Marta J. Papa, P.C.'s] breach by not complying with Paragraph 16."

22. Had Defendant responded to Plaintiff's dispute letter prior to filing and serving the Petition in the collection case, Defendant would have obtained and reviewed the evidence available

to verify the debt and found it wanting, obviating the need for the collection case and for Kuratnick to have to hire an attorney to defend it.

23. Defendant's collection attempts caused Plaintiff to suffer statutory damages under 15 U.S.C. § 1692k in the amount of $1,000.00, plus actual damages for anxiety, frustration, and worry, and attorney's fees she incurred in the collection lawsuit.

### COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

25. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3).

26. Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

27. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

28. In its attempt to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 *et. seq.*, including, but not limited to, the following:

   a. Resuming collection efforts after receiving Plaintiff's written dispute without first providing Plaintiff verification of the alleged debt in light of her dispute, in violation of 15 U.S.C. § 1692g(b);

   b. Taking action that cannot be legally taken, in violation of 15 U.S.C. § 1692e(5);

   c. Using deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10); and

   d. Using unfair collection practices, including the collection of an amount that is not permitted by law, in violation of 15 U.S.C. § 1692f(1).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant and in favor of Plaintiff that Defendant's conduct violated the FDCPA, for statutory

damages, actual damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and for such other relief as the Court may deem just and proper.

Respectfully submitted,

**BRODY & CORNWELL**

*/s/ Bryan E. Brody*
_____
Bryan E. Brody, Mo. Bar No. 57580
Alexander J. Cornwell, Mo. Bar No. 64793
7730 Carondelet Avenue, Suite 135
Clayton, MO  63105
(314) 932-1068
Fax: (314) 228-0338
BBrody@BrodyandCornwell.com
ACornwell@BrodyandCornwell.com
*Attorneys for Plaintiff*